IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAI-TRAM H TRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0538-D |
| | § | |
| CITY OF CARROLLTON, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this discrimination action by plaintiff Mai-Tram H Tran ("Tran") against defendant the City of Carrollton, Texas ("the City"), the City moves for summary judgment and to strike portions of Tran's declaration and the entirety of the declaration of Lisa Ramsey ("Detective Ramsey"). For the reasons that follow, the court grants in part and denies in part as moot the City's motion to strike, and grants the City's motion for summary judgment.

I

Tran was employed by the City as a police officer in the Carrollton Police Department ("Department") from June 4, 2001 to October 3, 2023.[1] In March and September 2021 Tran suffered injuries in the line of duty, including a head injury that she avers caused post-concussion syndrome and traumatic brain injury. The Department granted Tran injury leave

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Tran as the summary judgment nonmovant and draws all reasonable inferences in her favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

from September 28, 2021 to October 7, 2021.

Tran was thereafter released by a physician for light duty and accepted light duty assignments from October 2021 to August 2022. Tran was initially assigned to work at the Carrollton Police Department Jail, but after the former chief of the Department Derick Miller ("Chief Miller") approved an extension of her light duty, she accepted a front desk position at the Department's Criminal Investigations Division. These positions did not require Tran to perform defense tactics.

The City again granted Tran leave from August 11, 2022 to June 6, 2023. Per Tran's request, the City extended that period of leave to October 6, 2023.

On October 25, 2022 Johann Van Beest, DC ("Dr. Van Beest"), a chiropractor, issued a Report of Medical Evaluation that indicated that Tran had reached clinical Maximum Medical Improvement ("MMI").[2] Shiu-Yueh Baxter, M.D. ("Dr. Baxter"), Tran's physician, signed the report and indicated that she agreed with Dr. Van Beest's certification of MMI and impairment rating.

On February 14, 2023 Tran met with Robert Arredondo ("Chief Arredondo"), the chief of the Department. According to Chief Arredondo, Tran acknowledged the determination that she had reached MMI and requested a full-time light duty desk position. Chief Arredondo avers that he informed Tran that no such position was available, and that

[2]Tran does not dispute that, according to Resolution No. 3498 passed by the Carrollton City Council, once an employee reaches MMI, she is no longer eligible for an extension of leave for a line of duty injury.

the Department offered light duty desk positions to police officers only as a temporary accommodation to allow recovery from non-permanent injuries. He advised Tran that there were civilian desk positions available with the City for which she could apply, but Tran expressed that she was not interested in these positions because she wanted to maintain her police officer salary.

On October 3, 2023 Dr. Baxter issued a Work Activity Status Report in which she cleared Tran to return to work with the following restrictions: "no repetitive neck twisting," "[n]o running," and "[n]o work at heights or on scaffolding." D. App. (ECF No. 23) at 41. On that same day the City terminated Tran. As a basis for her termination, the City noted that Tran was certified to have reached MMI but remained unable to perform job-related activities, such as neck twisting, running, and working on heights or scaffolding, which the City maintained were minimum qualifications for the police officer position.

Tran then brought this lawsuit, in which she alleges that the City violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* The City moves for summary judgment, and also moves to strike portions of Tran's summary judgment evidence. Tran opposes the motions, which the court is deciding on the briefs, without oral argument.

II

Before reaching the merits of the City's summary judgment motion, the court considers the City's motion to strike. The court addresses only the objections that it finds meritorious and relevant to Tran's summary judgment defense.

A

The City objects under Fed. R. Civ. P. 37(c)(1) to various portions of Tran's declaration that mention Detective Justin Ellis ("Detective Ellis") and Detective Ramsey and to Detective Ramsey's declaration and its attachments.[3]

1

Rule 37(c)(1) provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

"The district court has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless." *Sea Side Villas II Horizontal Prop. Regime v. Single Source Roofing Corp.*, 64 Fed. Appx. 367, 372 (4th Cir. 2003) (citing *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

> In evaluating whether a violation of Rule 26 is harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Hoffman v. L & M Arts*, 2013 WL 81578, at *2 (N.D. Tex. Jan. 8, 2013) (Fitzwater, C.J.) (citing *Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *11 (N.D. Tex. June 30, 2004) (Fitzwater, J.)); *accord, e.g.*, *Viera v. Signature Contracting Servs., LLC*, 2014 WL 2893208,

[3]These attachments are photographs and social media posts of Detective Ramsey.

at *1 (N.D. Tex. June 26, 2014) (Horan, J.). "The court considers the four-factor test holistically." *Hoffman*, 2013 WL 81578, at *3 n.7 (quoting *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012)).

2

Tran's summary judgment response refers to Detectives Ellis' and Ramsey's experiences to support her contention that she can perform the essential functions of some police officer positions. Detectives Ellis and Ramsey are therefore individuals likely to have discoverable information, and Tran was required under Rule 26(a)(1)(A) to disclose their identities. The City contends, and Tran does not dispute, that Tran failed to provide the City Detectives Ellis' and Ramsey's identities at any point in her discovery. Accordingly, Tran failed to satisfy her Rule 26 disclosure and discovery obligations with respect to these detectives. Even if Tran did not initially anticipate Detectives Ellis' and Ramsey's relevance to this lawsuit, she was required to supplement her initial disclosures when it became apparent to her that she would rely on Detectives Ellis and Ramsey to support her claims. *See Fuller v. CIG Fin., LLC*, 2023 WL 8482889, at *2 (N.D. Tex. Dec. 7, 2023) (Fitzwater, J.); *In re Sambrano*, 440 B.R. 702, 706 (Bankr. W.D. Tex. 2010) (discussing the requirement to supplement initial disclosures).

Tran maintains that no such disclosure was required because Detectives Ellis and Ramsey are rebuttal witnesses, and she designated them as such on her first amended witness list. The court disagrees that this is a proper designation for the detectives. Tran references

Detectives Ellis and Ramsey to support her prima facie cases for her ADA discriminatory discharge and failure-to-accommodate claims, particularly her contentions that she was a qualified individual under the ADA and that the City failed to explore transfer to a detective position as a reasonable accommodation. Therefore, they are not rebuttal witnesses, and Tran was required to disclose their identities. *See McAfee v. Murray Ohio Mfg., Inc*, 66 Fed. Appx. 523 (5th Cir. 2003) (unpublished) (concluding that a witness who would testify in support of the plaintiffs' prima facie case was not a rebuttal witness).

3

Because Tran failed to timely disclose Detectives Ellis' and Ramsey's identities, the court must next determine whether this failure was harmless or substantially justified. *See Sea Side Villas*, 64 Fed. Appx. at 372.

Tran provides no explanation for her failure to disclose the identity of Detective Ellis apart from her position that no such disclosure was required, an issue that the court has already addressed. She also fails to address the importance of her testimony regarding Detective Ellis (although the court assumes that such testimony is important to establishing the prima facie cases of some of her ADA claims). Tran's failure to disclose caused prejudice to the City insofar as it was deprived of a fair opportunity to conduct discovery regarding Detective Ellis or to depose him. *See Fuller*, 2023 WL 8482889, at *4. And although granting a continuance "could ameliorate prejudice resulting from the untimeliness of the . . . disclosure," *id.*, the court has already continued the trial setting *sua sponte* to account for the instant summary judgment motion, and additional delay would increase costs

to both parties. *See Graham v. El Paso Cnty.*, 2022 WL 1112822, at *2-3 (W.D. Tex. Jan. 12, 2022). After considering the four harmlessness factors holistically, the court concludes that Tran's failure to disclose the identity of Detective Ellis is not harmless or substantially justified.

The court's analysis with respect to Detective Ramsey is largely similar, but Tran represents that she did not know of Detective Ramsey until discovery had already closed. Some "courts have held that a failure to disclose a witness or evidence is 'substantially justified' under Rule 37(c) where the disclosing party had no knowledge of the person or evidence until after the discovery deadline has passed." *Drechsel v. Liberty Mut. Ins. Co.*, 2015 WL 7067793, at *2 (N.D. Tex. Nov. 12, 2015) (Horan, J.) (citing *In re Advanced Modular Power Sys., Inc.*, 413 B.R. 643, 661 (Bankr. S.D. Tex. 2009)). But supplemental disclosures made past the discovery deadline are permitted "generally only when the producing party has shown that it produced the information promptly after learning of it." *Fuller*, 2023 WL 8482889, at *3. Here, Tran's first mention of Detective Ramsey came in response to the City's summary judgment motion. And Tran does not otherwise provide the court information that would allow it to reasonably conclude that she produced Ramsey's identity shortly after learning of it.

Accordingly, the court grants the City's motion to strike with respect to the portions of Tran's declaration that mention Detectives Ellis and Ramsey and to Detective Ramsey's declaration and its attachments.

B

The City also objects to the portions of Tran's declaration that mention alleged out-of-court statements made by Assistant Police Chiefs Kevin McCoy and Paul Fritz (the "Assistant Police Chiefs") regarding the Department's ability to make Tran's desk role a permanent modified assignment. The City contends that these statements constitute inadmissible hearsay that does not qualify for a hearsay exception.

1

Fed. R. Evid. ("FRE") 802 provides that hearsay—which generally constitutes out of court statements introduced to prove the truth of the matter asserted, FRE 801(c)—is inadmissible unless an exception applies. "When a party makes a proper objection to a statement on hearsay grounds, the proponent must demonstrate by a preponderance of the evidence that the statement either isn't hearsay or qualifies for admission under an applicable hearsay exception." *United States v. Lucas*, 2022 WL 1290513, at *2 (S.D. Tex. Apr. 29, 2022); *see also* 30B Charles Alan Wright & Jeffrey Bellin, *Federal Practice and Procedure* § 6803 at 277 (2017).

2

Tran contends that the Assistant Police Chiefs' statements constitute statements by the City's employee on a matter within the scope of that employment relationship. FRE 801(d)(2) provides that a statement is not hearsay when it "is offered against an opposing party" and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." But for this provision to apply, the Assistant Police Chiefs

must have had some role in the decision whether to make Tran's desk role permanent. *See Staheli v. Univ. of Miss.*, 854 F.2d 121, 127 (5th Cir. 1988) (statement did not concern a matter within the scope of declarant's agency and was made in his "capacity as wiseacre only"); *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 967 (5th Cir. 2016) ("Fairchild failed to present any evidence that Lambert was involved in All American's decision to terminate her").

Here, the City represents that the Assistant Police Chiefs have no authority to approve a permanent modified assignment, and Tran has failed to adduce any evidence to support her assertion to the contrary. The Assistant Police Chiefs' job title is alone insufficient to establish that matters of permanent accommodation were within their authority. *See Staheli*, 854 F.2d at 127 (citing *Hill v. Speigel, Inc.*, 708 F.2d 233, 237 (6th Cir. 1983) ("The mere fact that each of these men was a manager . . . is clearly insufficient to establish that matters bearing upon Hill's discharge were within the scope of their employment.")). Because Tran, as the proponent of the evidence, bears the burden of establishing that the alleged statements are not hearsay, and she has failed to meet this burden, the court sustains the City's objection.

C

Accordingly, the court grants in part the City's motion to strike with respect to the foregoing objections, and denies it in part as moot with respect to the objections that the court has not addressed.

III

The court now considers Tran's motion for summary judgment, turning first to her ADA discriminatory discharge claim.

A

When a party moves for summary judgment on a claim for which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the opposing party must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.) (citation omitted). Summary judgment is mandatory if the opposing party fails to meet this burden. *Little*, 37 F.3d at 1076.

B

The ADA mandates that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other

terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To prevail on this claim, Tran must present direct or circumstantial evidence that her disability was a motivating factor for the City's adverse employment actions. *See, e.g.*, *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999).

When a plaintiff does not present direct evidence of discrimination, the court applies the modified *McDonnell Douglas* approach. *Id.* at 300 (holding that *McDonnell Douglas* framework, which is used in Title VII cases, applies to ADA cases when only circumstantial evidence of discrimination is offered). As modified, the *McDonnell Douglas* framework consists of three stages. First, Tran must establish a prima facie case of discrimination, which "creates a presumption that [the City] unlawfully discriminated against [her]." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). To establish a prima facie case of discrimination based on a disability under the ADA, Tran must show that (1) she suffers from a disability or is regarded as disabled; (2) she is qualified for the job despite the disability; (3) she was subjected to an adverse employment action due to her disability; and (4) she was replaced by a nondisabled person or treated less favorably than nondisabled employees. *See, e.g.*, *Milton v. Tex. Dep't of Crim. Just.*, 707 F.3d 570, 573 (5th Cir. 2013) (quoting *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995)).

Second, if Tran establishes a prima facie case, the burden shifts to the City to articulate a legitimate, nondiscriminatory reason for the employment actions taken against her. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993). The City's burden is one of production, not proof, and involves no credibility assessments. *See, e.g.*, *West v.*

*Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003).

Third, if the City meets its production burden, Tran must show that the legitimate reasons proffered by the City "were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (quoting *Burdine*, 450 U.S. at 253); *see also EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009). Therefore, to survive summary judgment, Tran must "offer sufficient evidence to create a genuine issue of material fact . . . that [the City's] reason is not true, but is instead a pretext for discrimination." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (internal quotation marks and citation omitted) (describing standard in context of age discrimination case).

"Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves*, 530 U.S. at 143 (alteration in original) (quoting *Burdine*, 450 U.S. at 253).

C

The City contends that it is entitled to summary judgment because no reasonable jury could find that Tran has satisfied the qualification element of her prima facie case. In support of this contention, the City points to its job description for the position of police officer, which indicates that physical apprehension and search of suspects is an essential job function. The job description also details that the working conditions require that police officers "perform[] a variety of physically demanding maneuvers and activities . . . , including

running, walking, stooping, bending, rolling, crawling, climbing, jumping, lifting, carrying, dragging, and safely operating assigned equipment and vehicles." D. App. (ECF No. 23) at 38. Moreover, the City asserts that it is also bound by the physical fitness requirements set by the Civil Service Commission in accordance with Tex. Loc. Gov't Code Ann. § 143.022, which include "running, twisting of body parts, and working on heights." D. Br. (ECF No. 22) at 17. And it maintains that the record demonstrates that, at the time of her termination, Tran was unable to perform these tasks, as evidenced by her October 3, 2023 medical evaluation. The City also offers the affidavit of Chief Arredondo, in which he avers that the "Department does not have any permanent full-time position that would not require a sworn officer to meet physical requirements." D. App. (ECF No. 23) at 6 ¶ 13.[4]

---

[4]Tran objects to portions of Chief Arredondo's affidavit based on the best evidence rule and for lack of foundation. The court overrules these objections. FRE 1002, or the best evidence rule, applies "when a party wishes to prove the contents of an original writing, recording, or photograph." *Zimmerman v. Gruma Corp.*, 2013 WL 3154118, at *8 (N.D. Tex. June 21, 2013) (Lindsay, J.) (brackets and citation omitted). But the relevant testimony—which pertains to the job requirements of police officers in the City of Carrollton—is not testimony about an original writing, recording, or photograph. Rather, it is testimony based on Chief Arredondo's "personal knowledge," "duties, and responsibilities as Police Chief." D. App. (ECF No. 23) at 3-4 ¶¶ 1,3; *Zimmerman*, 2013 WL 3154118, at *8 (agreeing that the best evidence rule comes into play only when the terms of a writing are being established, not when a witness's testimony is based on personal knowledge). For the same reason, Tran's lack-of-foundation objections are meritless. *See Luman v. Diaz*, 2022 WL 4001234, at *6 (S.D. Tex. Sept. 1, 2022) (overruling lack of foundation objection because board member testified about board rules based on personal knowledge). Even if the court were to sustain Tran's objections, its summary judgment decision would remain the same because the City has proffered evidence other than Chief Arredondo's affidavit that substantiates its contentions regarding the essential functions of the police officer position. And Tran, who would bear the burden of proof on this issue at trial, has failed to adduce facts that create a genuine dispute of material fact.

Relying on much of the same arguments and evidence, the City also maintains that, even if Tran is able to establish her prima facie case, it had a legitimate, nondiscriminatory reason for discharging her: she was unable to perform the essential functions of a police officer position, with or without accommodation. The City asserts that Tran cannot point to admissible evidence that would enable a reasonable jury to find that this reason is a pretext for discrimination.

Tran does not dispute that, at the time of her termination, she could not run, work on heights or scaffolding, or twist her neck. But she contends that the evidence identified by the City is not dispositive of the question whether such functions are essential to the role of police officer. She maintains that other evidence in the record—including the City's and other police departments' accommodations of other officers—creates a genuine dispute of material fact as to whether these physical abilities are actually essential functions of all police officer jobs. She identifies her accommodated desk role, the detective role, and the role of Neighborhood Police Unit Officer, as police officer jobs for which the ability to perform these physical activities is not an essential function, and she contends that, if the City had transferred her one of these roles as an accommodation, she would have been able to perform the essential functions.

D

The court considers first whether Tran has established a prima facie case for her discriminatory discharge claim.

1

The City has pointed to the absence of admissible evidence to support the second element of Tran's prima facie case: that she was qualified for the job of police officer. And the City contends that Tran lacks sufficient evidence to create a genuine dispute of material fact as to this element because she would have been unable to perform the essential functions of that job, with or without accommodation.

To avoid summary judgment, Tran must point to evidence that would allow a reasonable jury to find "that either (1) [she] could perform the essential functions of the job in spite of her disability, or, if she could not, (2) that a reasonable accommodation of her disability would have enabled her to perform the essential functions of the job." *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (cleaned up) (quoting *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996)). "Under the ADA reassignment to a different job may be a reasonable accommodation, but the plaintiff bears the burden of proving that an available position exists that [s]he was qualified for and could, with reasonable accommodations, perform." *Malagon v. Crescent Hotel & Resorts*, 2017 WL 2536995, at *4 (N.D. Tex. June 12, 2017) (Fitzwater, J.) (cleaned up) (quoting *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017)).

Moreover, "[a]s a matter of law, it is an unreasonable accommodation for the employer to have to exempt the employee from performance of an essential function of the job." *Id.* at *5 (quoting *Jones v. Kerrville State Hosp.*, 142 F.3d 263, 265 (5th Cir. 1998) (per curiam)). "A function is 'essential' if it bears 'more than a marginal relationship' to the

employee's job." *LHC Grp.*, 773 F.3d at 697 (citation omitted). In determining whether a job function is essential, "[c]ourts owe deference to an employer's position description . . . [b]ut this deference is not absolute." *Id.* at 697-98 (citing 42 U.S.C. § 12111(8)). "The inquiry into whether a particular function is essential initially focuses on whether the employer *actually requires* employees in the position to perform the functions that the employer asserts are essential." *Id.* at 698 (emphasis in original) (citation omitted).

2

The court holds that no reasonable jury could find that Tran was qualified for the role of police officer, with or without reasonable accommodation.

In particular, Tran has failed to satisfy her burden of identifying evidence that creates a genuine issue of material fact as to whether "an available position exists that [s]he was qualified for and could, with reasonable accommodations, perform." *Malagon*, 2017 WL 2536995, at *4. Although Tran avers, and the City does not dispute, that there was an open detective position at the time of Tran's termination, she points to no evidence that would allow a reasonable jury to find that this position did not require her to run, work on heights or scaffolding, or twist her neck. She points to portions of her and Detective Ramsey's declarations that demonstrate that Detectives Ellis and Ramsey were permitted to work in detective roles despite being paralyzed and confined to wheelchairs. But even if this evidence was admissible,[5] Detectives Ellis and Ramsey were not employed by the Carrollton

[5]As the court has already explained, it sustains the City's objections to this evidence. *See supra* at § II(B). But even assuming *arguendo* that such evidence was admissible, the

Police Department. Tran identifies no evidence with respect to the essential functions of the open detective role in the Carrollton Police Department that would cause a reasonable jury to question the accuracy of the City's job description evidence or Chief Arredondo's sworn testimony that no permanent full-time police officer position existed that did not require an officer to be capable of meeting the foregoing physical requirements.

Tran also seems to contend that the City could have transferred her to a permanent light duty front desk position or to the Neighborhood Police Unit. With respect to the front desk position, Tran has not pointed to admissible evidence that would allow a reasonable jury to find that a full-time light duty front desk position that paid a police officer's salary was available in the Carrollton Police Department.[6] To the contrary, Chief Arredondo averred that no such position existed during his tenure. And the City "[was] not required to create light duty jobs to accommodate [Tran]." *Turco*, 101 F.3d at 1094. With regard to any other police officer position, such as the Neighborhood Police Unit position, Tran likewise fails to point to admissible evidence "that would enable a reasonable jury to find that there was a vacancy for which she was qualified." *See Esparza v. Bank of Am., N.A.*, 2013 WL

---

court's summary judgment decision would remain the same.

[6]The court sustains the City's objections to the portions of Tran's declaration that mention alleged out-of-court statements made by the Assistant Police Chiefs regarding the Department's ability to convert Tran's desk role to a permanent modified assignment. *See supra* at § II(B). But even if the court considered these alleged statements, its summary judgment decision would not change. Tran has failed to adduce evidence regarding the Assistant Police Chiefs' authority to make such an accommodation, so their statements do not create a genuine issue of material fact regarding whether an open position existed for which Tran could perform the essential functions.

5208024, at *13 (N.D. Tex. Sept. 17, 2013) (Fitzwater, C.J.).[7]

Finally, Tran appears to suggest that there may have been other vacant police officer positions for which she was qualified, but that she was unable to discover them because the City failed to engage in the ADA-mandated interactive process. *See LHC Grp.*, 773 F.3d at 703 n.6 ("[W]hether [an employer] engaged in the required interactive process, remain[s] relevant to the qualification element of the discriminatory-termination analysis."). But she admits that the City never denied her modified light duty requests until she reached MMI, and she does not dispute that Chief Arredondo met with her to discuss her request for transfer to a full-time light duty desk position. Chief Arredondo's denial of that request on the basis that no such position existed is not equivalent to a refusal to engage in the interactive process. *See Turco*, 101 F.3d at 1094; *Roberts v. Mega Life & Health Ins. Co.*, 2005 WL 659026, at *4 (N.D. Tex. Mar. 22, 2005) (Lynn, J.) ("An employer is not required to provide an employee with the precise accommodation she desires, but only one that is objectively reasonable.").

Moreover, Tran elected not to request transfer to another position, such as a detective position, as an accommodation. Although an employee need not request a particular

[7]Tran points to deposition testimony from Chiefs Miller and Arredondo that indicates that there were full-time employee vacancies in the Department during their tenures. But this testimony would not enable a reasonable jury to find that these vacancies were positions for which Tran was able to perform the essential functions. When prompted about variations in the actual work of different police officer positions, Chief Miller, like Chief Arredondo, maintained that all sworn police officers were expected to be able "to perform a minimum job standard, which is codified in the job description." P. App. (ECF No. 26-1) at 70:18-19.

accommodation, she "cannot expect the employer to read [her] mind and know [she] secretly wanted a particular accommodation and sue the employer for not providing it." *Morton v. GTE N. Inc.*, 922 F. Supp. 1169, 1180 (N.D. Tex. 1996) (Solis, J.) (alterations in original) (citation omitted), *aff'd sub nom. Morton v. GTE Serv. Corp.*, 114 F.3d 1182 (5th Cir. 1997); *see also Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999) ("[C]ourts have held that an employer cannot be found to have violated the ADA when responsibility for the breakdown of the informal, interactive process is traceable to the employee and not the employer." (citation and internal quotation marks omitted)).

Because Tran has failed to identify sufficient evidence to create a genuine issue of material fact as to the qualification element of her prima facie case, the court grants summary judgment as to her discriminatory discharge claim.[8]

E

Alternatively and independently, summary judgment is appropriate because no reasonable jury could find that the City's proffered legitimate, nondiscriminatory reason for discharging Tran—that she was unable to perform the essential functions of the position of

[8]Tran's summary judgment response cites a number of out-of-circuit cases in which district courts have denied summary judgment on claims involving similar contentions and job description evidence. The court is not bound by these cases. Moreover, even assuming *arguendo* that the evidence in the record regarding the day-to-day functions of police officers was comparable to the records in the cases that Tran cites, in the Fifth Circuit, Tran must still identify a vacant position to which the City could have transferred her. *See Moss*, 851 F.3d at 418. As the court has already discussed, Tran has not adduced evidence that would enable a reasonable jury to find that she can perform the essential functions of detective, the only vacant position that she has identified.

police officer—is pretextual.

1

A plaintiff can prove pretext "by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 378-79 (5th Cir. 2010) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). Although generally "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated," there are "instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Reeves*, 530 U.S. at 148. "The ultimate question is whether the employer intentionally discriminated, and proof that 'the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason . . . is correct.'" *Id.* at 146-47 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 519 (1993)). "In other words, '[i]t is not enough . . . to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination.'" *Id.* at 147 (alterations and emphasis in original) (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 519). The plaintiff might create "only a weak issue of fact as to whether the employer's reason was untrue and there [may be] abundant and uncontroverted independent evidence that no discrimination had occurred." *Id.* at 148. Thus it is "possible for a plaintiff's evidence to permit a tenuous inference of pretext and yet be insufficient to support a reasonable inference of

discrimination." *West*, 330 F.3d at 385 (quoting *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 903 (5th Cir. 2000)); *see also Rosenblatt v. 7-Eleven, Inc.*, 2007 WL 2187252, at *12 (N.D. Tex. July 27, 2007) (Fitzwater, J.) (granting summary judgment where, assuming fact issue on question of pretext existed, fact issue was "weak," and there was no evidence that employee's age was ever considered in employer's decision to terminate his employment).

2

For the reasons stated above, Tran has failed to point to evidence in the record that would enable a reasonable jury to find that the City's explanation for terminating her is false or unworthy of credence. *Jackson*, 602 F.3d at 378-79. But even assuming *arguendo* that Tran had pointed to such evidence, no rational factfinder could find that her termination was motivated by discrimination.[9]

---

[9]There is some uncertainty regarding whether the mixed-motive alternative applies to Tran's ADA-based claims. *See Polak v. Sterilite Corp.*, 2021 WL 1753757, at *4 (N.D. Tex. May 4, 2021) (Fitzwater, J.), *aff'd*, 2022 WL 457822 (5th Cir. Feb. 15, 2022) (per curiam). But because Tran does not contend that the mixed-motive alternative applies to any of her claims, the court need not consider it. *See Plumlee v. City of Kennedale*, 795 F.Supp.2d 556, 563 (N.D. Tex. 2011) (McBryde, J.). Even assuming *arguendo* that Tran had properly raised this alternative and that it applies to her ADA-based claims, the City would still be entitled to summary judgment on this element. Tran has adduced no evidence of discriminatory animus or any other evidence that would enable a reasonable jury to find that the City would not have taken the same action based solely on Tran's inability to perform the essential functions of the police officer position. *See Bennett v. Dall. Indep. Sch. Dist.*, 936 F.Supp.2d 767, 781 n.11 (N.D. Tex. 2013) (Fitzwater, C.J.); *Crouch v. J C Penney Corp.*, 337 Fed. Appx. 399, 402 (5th Cir.2009) (per curiam) ("Under a mixed-motive framework [the defendant-employer] can defend against liability by showing that it would have taken the same action in the absence of any alleged discriminatory animus.").

Tran's summary judgment response does not mention the word "pretext." Nor does she identify evidence of bias or discrimination. At most, Tran identifies officers in the Carrollton Police Department who she avers have been permitted to work full-time in police officer positions that do not require them to make arrests. But this evidence would not enable a reasonable jury to find, with respect to Tran, that physical limitations were not the real reason that she was terminated or that the real reason was instead discriminatory. *See Bennett*, 936 F.Supp.2d at 779. The record does not indicate that these officer have reached MMI and have similar limitations to Tran. She avers that Officers Don Patin ("Officer Patin") and Bryce Anthony ("Officer Anthony") are not required to perform the physical maneuvers required to arrest suspects, but she states that this is because of their placement on the Brady List, not due to any disability. Similarly, with respect to Officer Brian Schultz ("Officer Schultz"), Tran admits that he was released to work without any physical restrictions. And Tran's summary judgment response provides little to no detail regarding the limitations of the other officers that she contends were accommodated by the City. *See id.* at 780. ("Bennett has not adduced evidence about the nature of the other officers' medical conditions that would enable a reasonable jury to find that DISD had allowed officers with comparable physical restrictions to return to police officer positions."). Therefore, the City's alleged accommodation or restriction of these officers would not allow a reasonable jury to find to be pretextual Chief Arredondo's testimony that all permanent full-time police officers must have the physical capabilities outlined in the job description and that he must be free to reassign any officers to patrol positions as needed. Accordingly, even if Tran could establish her prima

facie case, the court would grant the City's motion for summary judgment on her ADA discriminatory discharge claim.

IV

For similar reasons, the court grants summary judgment on Tran's ADA failure-to-accommodate claim.

A prima facie case for a failure-to-accommodate claim requires that a plaintiff show: "(1) the employer is covered by the statute; (2) she is an individual with a disability; (3) she can perform the essential functions of the job with or without reasonable accommodation; and (4) the employer had notice of the disability and failed to provide accommodation." *Mzyk v. Ne. Indep. Sch. Dist.*, 397 Fed. Appx. 13, 15 n.3 (5th Cir. 2010) (per curiam). Although this claim is distinct from Tran's ADA discrimination claim, both require that Tran show that she is a qualified individual for the position of police officer, with or without accommodation. *See, e.g.*, *Comacho v. R+L Carriers Shared Servs., LLC*, 2023 WL 5615468, at *2 (S.D. Tex. Aug. 30, 2023). For the reasons that the court granted summary judgment on the qualification element of Tran's discriminatory discharge claim, *see supra* at § III(D), it holds that no reasonable jury could find that Tran has satisfied this requirement with respect to her failure-to-accommodate claim.

Accordingly, the court grants summary judgment dismissing Tran's failure-to-accommodate claim.

V

The court now turns to Tran's ADA retaliation claim.

A

To prevail on her retaliation claim, Tran must first establish a prima facie case by showing that (1) she engaged in an activity protected by the ADA, (2) an adverse employment action occurred, and (3) a causal link existed between the protected act and the adverse employment action. *Seaman*, 179 F.3d at 301. Like her ADA discriminatory discharge claim, her retaliation claim is subject to *McDonnell Douglas* burden shifting. *Id.* Therefore, once Tran establishes a prima facie case, the City must adduce evidence of a legitimate, non-retaliatory reason for the adverse employment action. *Id.* And if the City produces evidence of such a reason, Tran must introduce sufficient evidence to enable a reasonable jury to find that the proffered reason is pretextual. *Id.* Ultimately, she must prove that "but for" the protected activity, the City's adverse employment action would not have occurred. *Id.*

B

The City contends that no reasonable jury could conclude that Tran has established the causation element of her prima facie case for retaliation. The court agrees. Although the court recognizes that the requirement that a plaintiff show at the prima facie case stage a "causal link" between a protected activity and an adverse employment action is "much less stringent" than the "but for" causation that the trier of fact must find, *see Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001); *see also Khanna v. Park Place Motorcars of Hous., Ltd.*, 2000 WL 1801850, at *4 (N.D. Tex. Dec. 6, 2000) (Fitzwater, J.)

(characterizing the prima facie case burden as "minimal"), neither Tran's complaint nor her summary judgment response indicates the protected activity in which she purports to have engaged. In fact, her summary judgment response makes no reference to retaliation. The court will assume that Tran's retaliation claim relies on her request for accommodation. *See Tabatchnik v. Cont'l Airlines*, 262 Fed. Appx. 674, 676 (5th Cir. 2008) (per curiam) ("[M]aking a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity."). Because the City has proffered evidence demonstrating reasons for Tran's termination that are entirely unrelated to her request for accommodation, and because Tran does not point to any evidence that would enable a reasonable jury to find that this request was the true or motivating reason behind her termination, the court grants summary judgment on Tran's retaliation claim. *See Bennett*, 936 F.Supp.2d at 783.

C

Alternatively and independently, the City is entitled to summary judgment because, for the reasons the court has already explained in the context of Tran's discriminatory discharge claim, *see supra* at § III(E), Tran has failed to point to evidence that would enable a reasonable jury to find that the City's proffered legitimate, non-retaliatory reason for her termination is pretextual.

VI

The court considers next whether Tran has properly raised an independent ADA harassment claim.

Tran's complaint alleges that the City's "conduct constitutes retaliation under the ADA

regarding the failure to provide reasonable accommodation, harassment, and wrongful termination," Compl. ¶ 23, and her prayer for relief mentions harassment once more. It is unclear from these two vague allegations whether Tran's intention is to assert a separate ADA harassment claim. This is likely why neither the City's nor Tran's summary judgment briefing mentions a harassment claim despite the City's apparent intention to move for summary judgment on all ADA claims.

The court concludes that Tran has failed to properly raise an independent ADA harassment claim. *Cf. Bennett*, 936 F.Supp.2d at 781 (concluding that plaintiff failed to properly raise an independent failure-to-accommodate claim); *Whitaker v. FedEx Freight, Inc.*, 899 F.Supp.2d 496, 498 n.4 (M.D. La. 2012) ("Without additional facts, a stray reference to 'harassment' will not support a claim for hostile work environment."). If anything, Tran seems to have mentioned "harassment" to buttress her retaliation claim, not to raise an independent claim. *Cf. Callaghan v. Congemi*, 1993 WL 114523, at *9 n.29 (E.D. La. Apr. 8, 1993) (similar). But even assuming *arguendo* that Tran has properly raised an ADA harassment claim, the court would grant summary judgment as to this claim because Tran has adduced no evidence that she was harassed based on her alleged disabilities, or that the City knew of any harassment and failed to take remedial action. *See Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001) (stating the elements of an ADA harassment claim).

VII

Finally, the court considers whether the City is entitled to summary judgment on Tran's Title VII claim.

A

Because Tran does not offer evidence of direct discrimination, her Title VII claim is also analyzed under the *McDonnell Douglas* burden-shifting framework. *See Searcy v. TTEC Servs. Corp.*, 2025 WL 1159999, at *4 (N.D. Tex. Apr. 21, 2025) (Fitzwater, J.). To establish a prima facie case of discrimination under Title VII, Tran must show that

> (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably . . . than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Id.* (alterations in original) (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)).

B

The City contends that Tran has failed to satisfy the requirement of a prima facie case that she was treated less favorably than similarly situated individuals outside of her protected classes. The court agrees.

"In disparate treatment cases, the plaintiff-employee must show 'nearly identical' circumstances for employees to be considered similarly situated." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007). "A variety of factors are considered when

determining whether a comparator is similarly situated, including job responsibility, experience, and qualifications." *Herster v. Bd. of Supervisors of La. State Univ.*, 887 F.3d 177, 185 (5th Cir. 2018).

Tran has identified non-Asian and non-female police officers in the Carrollton Police Department who she avers were provided permanent police officer assignments that did not require them to perform the physical maneuvers that she cannot perform. But she does not point to specific facts regarding these individuals' job experience, qualifications, or other characteristics that would enable a reasonable jury to find that they are similarly situated to her. As the court has already explained, Tran alleges that Officers Patin and Anthony are restricted from making arrests due to their placement on the Brady List, not because of a disability; Officer Schultz was released to work without any physical restrictions; and Tran's summary judgment response provides little to no detail regarding the circumstances under which the other police officers whom she identifies received alleged accommodations.

Accordingly, because no reasonable jury could find that Tran has satisfied her burden of demonstrating "nearly identical" circumstances with respect to any of the individuals whom she has identified, *Berquist*, 500 F.3d at 353, the court grants summary judgment on her Title VII claim.

C

Independently, and for the reasons explained in the context of Tran's ADA discriminatory discharge claim, *see supra* at § III(E), the City is entitled to summary judgment because no reasonable jury could find that the City's proffered reason for her termination is

pretextual. Moreover, Tran has not properly raised the mixed-motives alternative, *see supra* note 8, but even assuming *arguendo* that she had, her summary judgment response points to no evidence of discriminatory animus related to any Title VII protected category. Nor could a reasonable jury otherwise find that the City would not have discharged Tran based solely on her inability to perform the essential functions of the police officer position. *See id.*

Accordingly, the court grants summary judgment on Tran's Title VII claim.

* * *

For the reasons explained, the court grants in part and denies in part as moot the City's motion to strike Tran's summary judgment evidence, grants the City's motion for summary judgment, and dismisses this action with prejudice.

**SO ORDERED**.

August 10, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE